**Harjit SINGH, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

No. 06–73603.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 **.

Filed Sept. 28, 2007.

Teresa Salazar, Law Offices of Martin Resendez Guajardo, a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony C. Payne, Esq., Margaret K. Taylor, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Harjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's and BIA's denial of asylum based on an adverse credibility finding. Singh' testimony was inconsistent with his asylum application and an FBI arrest report regarding whether he was in the United States or in India in 1993. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir. 2004). His testimony was also inconsistent with his asylum application regarding whether he joined the Akali Dal Mann party on April 13, 1993, or April 13, 1994, after he left the United States. *See id.*

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Singh's CAT claim also fails because it is based on the same testimony that the IJ and BIA found not credible, and Singh points to no other evidence that he could claim the IJ and BIA should have considered. *See id.* at 1157.

Because Singh was not an asylee at the time he appeared before the IJ, he was not eligible for adjustment of status pursuant to 8 U.S.C. § 1159(b)(3). Accordingly, the IJ did not err in declining to adjudicate Singh's adjustment of status application.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

